1  Samuel J. Strauss, WSBA #46971
   TURKE & STRAUSS LLP
2  936 North 34th Street, Suite 300
   Seattle, Washington  98103-8869
3  Telephone: (608) 237-1775
   Facsimile:  (608) 509-4423
4  Email:  sam@turkestrauss.com

5  *Attorneys for Plaintiff*

6

7

8                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
9

10 DAVID MELGREN, on behalf of
   himself and all others similarly situated,      NO.

11                          Plaintiff,             **COMPLAINT—CLASS ACTION**

12     vs.                                          **DEMAND FOR JURY TRIAL**

13 HEALTHY HALO INSURANCE
   SERVICES INC.,
14
                            Defendant.
15

16
          David Melgren, individually and on behalf of others similarly situated,
17
   alleges the following against Defendant Healthy Halo Insurance Services Inc.
18
   ("Healthy Halo").
19

20

COMPLAINT—CLASS ACTION - 1

1

## I.  NATURE OF ACTION

2   1.     As the Supreme Court explained last year, "Americans passionately

3   disagree about many things. But they are largely united in their disdain for

4   robocalls. The Federal Government receives a staggering number of complaints

5   about robocalls—3.7 million complaints in 2019 alone. The States likewise field

6   a constant barrage of complaints. For nearly 30 years, the people's

7   representatives in Congress have been fighting back. As relevant here, the

8   Telephone Consumer Protection Act of 1991, known as the TCPA, generally

9   prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of*

10   *Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

11   2.     Healthy Halo is an insurance company providing insurance products

12   and services to consumers.

13   3.     To promote these insurance products and services, Healthy Halo

14   uses pre-recorded messages.

15   4.     Healthy Halo made unsolicited pre-recorded calls to Plaintiff on his

16   cellular telephone using pre-recorded messages.

17   5.     Plaintiff now files this lawsuit seeking injunctive relief, requiring

18   Healthy Halo to stop placing unsolicited calls to cellular telephone numbers, as

19   well as an award of statutory damages and costs to class members.

20

COMPLAINT—CLASS ACTION - 2

## II.  JURISDICTION AND VENUE

6.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7.      This Court has personal jurisdiction over Healthy Halo, and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Healthy Halo made the calls to Plaintiff in this District.

## III.  PARTIES

8.      Plaintiff David Melgren is a citizen of Washington, residing in Adams County.

9.      Defendant Healthy Halo Insurance Services Inc. is a California corporation with its principal place of business located at 110 West Providencia Avenue, Burbank, California 91502.

## IV.  TCPA BACKGROUND

### A.     The TCPA Prohibits Automated Telemarketing Calls

10.     The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

1    11.    The TCPA provides a private cause of action to persons who receive

2    calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See*

3    47 U.S.C. § 227(b)(3).

4    12.    According to findings by the Federal Communication Commission

5    ("FCC"), the agency Congress vested with authority to issue regulations

6    implementing the TCPA, such calls are prohibited because, as Congress found,

7    automated or prerecorded telephone calls are a greater nuisance and invasion of

8    privacy than live solicitation calls, and such calls can be costly and inconvenient.

9    13.    The FCC also recognized that "wireless customers are charged for

10    incoming calls whether they pay in advance or after the minutes are used."  *In re*

11    *Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG

12    Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165

13    (2003).

14    14.    In 2013, the FCC required prior express written consent for all

15    autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers

16    and residential lines.  Specifically, it ordered that:

17    > [A] consumer's written consent to receive telemarketing
   > robocalls must be signed and be sufficient to show that

18    > the consumer:  (1) received "clear and conspicuous
   > disclosure" of the consequences of providing the

19    > requested consent, i.e., that the consumer will receive
   > future calls that deliver prerecorded messages by or on

20    > behalf of a specific seller; and (2) having received this

COMPLAINT—CLASS ACTION - 4

information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## V.  FACTUAL ALLEGATIONS

**A.      Factual Allegations Regarding Defendant**

15.      Healthy Halo is an insurance company located in Burbank, California. *See* https://healthyhalo.com/ (last visited March 1, 2021).

16.      Healthy Halo provides "VIP Healthcare Services . . . that are unique in the healthcare marketplace to reduce or eliminate surprise medical bills." https://healthyhalo.com/about/ (last visited March 1, 2021).

17.      On information and belief, Healthy Halo utilizes numerous websites to promote its insurance services, including healthyhalo.com, truckershealthcare.com, wahealthcareplans.com, buyhealthinsurance.com, healthsharing.com, and healthmarketplace.net.

18.      According to its website, Healthy Halo, "in just over 5 years, [has] grown from a 2-person startup to the 3rd largest national telesales agency." https://healthyhalo.com/about/ (last visited March 1, 2021).

COMPLAINT—CLASS ACTION - 5

19.     One of Healthy Halo's strategies for marketing its insurance products includes the use of pre-recorded messages.

20.     Recipients of these pre-recorded calls, including Plaintiff, did not consent to receive such calls.

**B.      Factual Allegations Regarding Plaintiff**

21.     Plaintiff is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22.     Plaintiff's telephone number, (XXX) XXX-9181, is assigned to a cellular telephone service.

23.     Plaintiff has never been a Healthy Halo customer and never consented to receive calls from Healthy Halo.

24.     On January 14, 2021, Plaintiff received a pre-recorded call on his cellular telephone from Health Halo promoting insurance products.

25.     The pre-recorded message identified the caller as "Scott" with "Truckers Healthcare."

26.     The pre-recorded message asked Plaintiff to call (833) 682-8223.

27.     Plaintiff was not interested and had not requested information regarding insurance products.

28.    Calls associated with telephone number (833) 682-8223 have been associated as "robocalls" and telemarketing spam. *See* https://bit.ly/3sy3wDo (last visited February 26, 2021).

29.    A call to (833) 682-8223 reveals that the website for that company is truckershealthcare.com.

30.    The truckershealthcare.com domain is registered to Health Halo. *See* https://www.godaddy.com/whois/results.aspx?checkAvail=1&tmskey=tmskey%3D123&domain=truckershealthcare.com (last visited March 1, 2021).

31.    On January 15, 2021, Plaintiff received an identical pre-recorded call on his cellular telephone from Health Halo promoting insurance products that he received on January 14, 2021.

32.    The pre-recorded message again identified the caller as "Scott" with "Truckers Healthcare" and asked Plaintiff to call (833) 682-8223.

33.    Healthy Halo is responsible for making the above-described calls.

34.    Plaintiff and other individuals who received these calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## VI.  CLASS ACTION ALLEGATIONS

35.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

36.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of

Civil Procedure, Plaintiff brings this action on behalf of a class of all other

persons or entities similarly situated throughout the United States (the "Class").

37.    Plaintiff proposes the following Class definition, subject to

amendment as appropriate:

> All persons within the United States: (1) to whose cellular
> telephone number or other number for which they are
> charged for the call; (2) Defendant (or an agent acting on
> behalf of Defendant) placed a telemarketing call; (3)
> within the four years prior to the filing of the Complaint;
> and (4) using an identical or substantially similar pre-
> recorded message used to place the telephone call to
> Plaintiff.

38.    Excluded from the Class are counsel, Defendant, any entities in

which Defendant has a controlling interest, Defendant's agents and employees,

any judge to whom this action is assigned, and any member of such judge's staff

and immediate family.

39.    Plaintiff is a member of and will fairly and adequately represent and

protect the interests of the Class as he has no interests that conflict with any of

the Class members.

40.    Plaintiff and all members of the Class have been harmed by the acts

of Defendant, including, but not limited to, the invasion of their privacy,

annoyance, waste of time, the use of their telephone power and network

COMPLAINT—CLASS ACTION - 8

bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

41.    This Class Action Complaint seeks injunctive relief and money damages.

42.    The Class, as defined above, is identifiable through Defendant's dialer records, other telephone records, and telephone number databases.

43.    Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

44.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

45.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

46.    There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the Class claims predominate over questions that may affect individual Class members.

47.    There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

COMPLAINT—CLASS ACTION - 9

a.      Whether Defendant used pre-recorded messages to send calls;

b.      Whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

c.      Whether Defendant's conduct constitutes a violation of the TCPA; and

d.      Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

48.     Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

49.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the proposed Class.

50.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual

1    question concerns identification of Class members, which will be ascertainable

2    from records maintained by Defendant and/or its agents.

3         51.    A class action is the superior method for the fair and efficient

4    adjudication of this controversy. Classwide relief is essential to compel

5    Defendant to comply with the TCPA. The interest of individual members of the

6    Classes in individually controlling the prosecution of separate claims against

7    Defendant are small because the damages in an individual action for violation of

8    the TCPA are small. Management of these claims is likely to present significantly

9    fewer difficulties than are presented in many class claims. Class treatment is

10   superior to multiple individual suits or piecemeal litigation because it conserves

11   judicial resources, promotes consistency and efficiency of adjudication, provides

12   a forum for small claimants, and deters illegal activities. There will be no

13   significant difficulty in the management of this case as a class action.

14        52.    Defendant has acted on grounds generally applicable to the Class,

15   thereby making final injunctive relief and corresponding declaratory relief with

16   respect to the Class appropriate on a classwide basis. Moreover, on information

17   and belief, Plaintiff alleges that the pre-recorded calls made by Defendant and/or

18   its affiliates, agents, and/or other persons or entities acting on Defendant's behalf

19   that are complained of herein are substantially likely to continue in the future if

20   an injunction is not entered.

COMPLAINT—CLASS ACTION - 11

53.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47        U.S.C. 227(b) on behalf of the Robocall Class)**

54.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

55.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, and delivering pre-recorded messages to the cellular telephone numbers of Plaintiff and members of the Class.

56.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or pre-recorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

57.     If the Defendant's conduct is found to be knowing or willful, Plaintiff and members of the Class are entitled to an award of up to treble damages.

58.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number using a pre-record message in the future;

B.     That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class,

1   and appointing the lawyers and law firms representing Plaintiff as counsel for the

2   Class;

3       D.    Such other relief as the Court deems just and proper.

4   **VIII.  DEMAND FOR JURY TRIAL**

5       Plaintiff hereby demands a trial by jury.

6       RESPECTFULLY SUBMITTED AND DATED this 2nd day of March, 2021.

7                   TURKE & STRAUSS LLP

8                   By:   /s/ Samuel J. Strauss, WSBA #46971

9                       Samuel J. Strauss, WSBA #46971
                    Email:  sam@turkestrauss.com

10                      936 North 34th Street, Suite 300
                    Seattle, Washington  98103-8869

11                      Telephone: (608) 237-1775
                    Facsimile:  (608) 509-4423

12

                    *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

COMPLAINT—CLASS ACTION - 14